1

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT FOR THE

7                        EASTERN DISTRICT OF CALIFORNIA

8

9   MANUEL LOPES AND MARIANA      )        No. CV-F-06-1243 OWW/SMS
    LOPES, et al.,                )
10                                )        MEMORANDUM DECISION AND
                                  )        ORDER DENYING WITHOUT
11                                )        PREJUDICE DEFENDANT GENSKE
                  Plaintiffs,     )        MULDER, LLP'S AND DEFENDANT
12                                )        DOWNEY BRAND LLP'S MOTIONS
          vs.                     )        FOR SUMMARY JUDGMENT AGAINST
13                                )        PLAINTIFF ALVARO MACHADO ON
                                  )        FOURTH THROUGH EIGHTH CAUSES
14  GEORGE VIEIRA, et al.,        )        OF ACTION (Docs. 108 & 127)
                                  )
15                                )
                  Defendants.     )
16                                )
    _____)
17

18       Defendants Genske Mulder LLP ("Genske Mulder") and Downey

19  Brand LLP ("Downey Brand") respectively move for summary judgment

20  or summary adjudication against Plaintiff Alvaro Machado on the

21  Fourth through Eighth Causes of Action in the Second Amended

22  Complaint ("SAC").

23       Genske Mulder seeks summary judgment or adjudication:

24            A.   Fourth Cause of Action for securities
                   fraud in violation of the Securities Act of
25                 1934 on the ground that Plaintiff Machado did
                   not purchase Valley Gold LLC's securities or
26                 any other securities;

                                 1

B.   Fifth Cause of Action for violation of
California securities law on the ground that
Plaintiff Machado did not purchase Valley
Gold LLC's securities or any other
securities;

C.   Sixth Cause of Action for negligence on
the grounds that Plaintiff Machado was not a
client of Genske Mulder and Genske Mulder did
not owe him a duty of care;

D.   Seventh Cause of Action for intentional
misrepresentation on the grounds that
Plaintiff Machado did not receive or rely on,
any material misrepresentation or omission
made by Genske Mulder;

E.   Eighth Cause of Action for negligent
misrepresentation on the grounds the
Plaintiff Machado did not receive or rely on,
any material misrepresentation made by Genske
Mulder.

Downey Brand seeks summary judgment or adjudication as to

the Fourth and Fifth Causes of Action on the grounds that

Plaintiff Machado did not purchase a security; on the Fourth

through Eighth Causes of Action on the grounds that Plaintiff

Machado cannot establish that Downey Brand made an affirmative

misrepresentation and owed Plaintiff no duty to disclose; and on

the Fourth through Eighth Causes of Action on the grounds that

Plaintiff Machado cannot establish reliance or causation.

Plaintiff Machado has not filed an opposition to these

motions for summary judgment.  On November 23, 2009 (Doc. 174),

counsel for Plaintiffs filed a "Statement of Fact of Death of

Plaintiff Alvaro Machado," representing that Plaintiff Machado

has died, and requesting the Court "hold in abeyance all matters

pending that would impact the estate of Alvaro Machado" and

advising his widow, Mary Machado that a motion to substitute a successor-in-interest in place of Alvaro Machado must be filed within 90 days or the action will be dismissed as to Plaintiff Alvaro Machado.

Defendants' motions for summary judgment against Plaintiff Alvaro Machado are DENIED WITHOUT PREJUDICE.  If Mary Machado timely substitutes as successor-in-interest in place of Alvaro Machado, Defendants may re-notice their motions for summary judgment for hearing.

IT IS SO ORDERED.

Dated:   February 2, 2010            _____/s/ Oliver W. Wanger_____
                                     UNITED STATES DISTRICT JUDGE