IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL LOPES, et al., | ) ) | No. CV-F-06-1243 OWW/SMS |
| | ) ) | MEMORANDUM DECISION GRANTING PLAINTIFFS' MOTION FOR |
| Plaintiffs, | ) ) | SUBSTITUTION OF MARIA P. MACHADO AS PLAINTIFF (Docs. |
| vs. | ) ) | 227 & 233) |
| GEORGE VIEIRA, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

On February 24, 2010, Douglas Applegate, counsel for Plaintiffs, filed a motion on behalf of Maria Machado for substitution of Maria P. Machado, individually, as Trustee of The Machado Family Trust as a Plaintiff pursuant to Rule 25(a)(1), Federal Rules of Civil Procedure:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

1

The motion is supported by the Declaration of Maria P. Machado, executed on February 24, 2010:

> 2. Plaintiff Alvaro C. Machado commenced this action, individually as a named plaintiff in the original complaint filed in this action on September 11, 2006 and the subsequently filed First Amended Complaint and Second Amended Complaint filed on June 22, 2007 and April 2, 2008, respectively.
>
> 3. On November 5, 2008, plaintiff Alvaro C. Machado died ....
>
> 4. No proceeding is now pending in California for administration of the decedent's estate.
>
> 5. Prior to his death, Mr. Machado assigned all of his assets including his dairy farm business and its related assets that are the subject of this lawsuit to the Trust known as The Machado Family Trust executed on February 10, 1993, by Alvaro C. Machado and Maria P. Machado as Settlors.
>
> 6. Upon Mr. Machado's death, I became the sole successor trustee of the The [sic] Machado Family Trust ... A true and correct copy of the Affidavit of Successor Trustee recorded with Sacramento County Recorders office [on January 27, 2010] is attached to this declaration as Exhibit B.
>
> 7. As the sole trustee of the The [sic] Machado Family Trust I am decedent's successor in interest, as defined in Rule 25(a)(1) ... and succeeded to the decedent's interest in the action.
>
> 8. Thus, because the dairy business and the associated assets that are the subject of this action are assets of The Machado Family Trust, I am the proper party for substitution as the sole remaining trustee of the Trust.
>
> 9. No other person has a superior right to be substituted for the decedent in the pending action.

Defendant Downey Brand opposes this motion on the ground that it is untimely.

The Statement of Fact of Death of Plaintiff Alvaro Machado (the "Statement") was filed by Plaintiffs Manuel Lopes, Mariana Lopes, Raymond Lopes, the Lopes Dairy, Joseph Lopes, Michael Lopes, Westside Holstein, and Tony Estevam on November 23, 2009. (Doc. 174). Ms. Machado was not then a party to the action. The Statement was served on "Mary Machado" on November 23, 2009. Downey Brand personally served Ms. Machado with the Statement on November 25, 2009. (Doc. 180). Downey Brand contends that the 90-day period ran on February 22, 2010. The motion for substitution was filed on February 24, 2010 at 6:35 p.m. Downey Brand refers to the Court's Standing Order in All Civil Cases Assigned to U.S. District Judge Oliver W. Wanger, (Doc. 5): "2. Law and motion pleadings must be electronically filed by the close of business on the day the filing is due." Therefore, Downey Brand contends, because the motion for substitution was filed after the close of business on February 24, 2010, the motion was actually filed on February 25, 2010. Downey Brand further asserts that even if the 90-day period runs from the date of personal service on Ms. Machado, that period expired on February 23, 2010.

Plaintiffs respond that the motion for substitution is timely. They point to Rule 25(a)(3), Federal Rules of Civil Procedure:

> A motion to substitute, together with a

>           notice of hearing, must be served on the
>           parties as provided in Rule 5 and on non-
>           parties as provided in Rule 4.  A statement
>           noting death must be served in the same
>           manner ....

Plaintiffs refer to Rule 6(d), Federal Rules of Civil Procedure:

>           When a party may or must act within a
>           specified time after service and service is
>           made under Rule 5(b)(2)(C), (D), (E), or (F),
>           3 days are added after the period would
>           otherwise expire under Rule 6(a).

Rule 5(b)(2) provides in relevant part:

>           A paper is served under this rule by:
>
>           ...
>
>           (E) sending it by electronic means if the
>           person consented in writing - in which event
>           service is complete upon transmission, but is
>           not effective if the serving party learns
>           that it did not reach the person to be served
>           ....

Plaintiffs contend that service of the Statement of Death was made on "all parties by electronic means pursuant to Rule 5(b)(2)(E) also utilizing this Court's ECF system" on November 23, 2009.  Adding the three days pursuant to Rule 6(d), Plaintiffs contend, means that the 90-day period did not expire until February 25, 2010.

An issue arises whether Rules 5 and 6 apply to this motion.  The plaintiff in this action was Alvaro Machado, not The Machado Family Trust.  Thus, Ms. Machado, individually and as trustee of The Machado Family Trust is not a party and will not be unless the motion for substitution is granted.  If Rules 5 and 6 apply, then Plaintiffs' calculation of the 90 day period from the

November 23, 2009 date of service of the Statement of Death is accurate and the motion for substitution is timely.

However, it does not appear that Rules 5 and 6 apply.  In *Barlow v. Ground*, 39 F.3d 231 (9th Cir.1994), Barlow, represented by attorney Weingarten, died during the pendency of the litigation.  Defendant City suggested Barlow's death on the record and served the suggestion on Weingarten by first class mail on June 25.  On October 2 the City moved to dismiss for failure to substitute the proper party within the 90-day period established by Rule 25(a)(1).  Weingarten, then representing Barlow's father and acting as legal representative of Barlow's estate, moved on October 8 to have Barlow's father substituted as plaintiff.  The District Court denied the motion and dismissed the action pursuant to Rule 25(a)(1).  The Ninth Circuit reversed:

> Although Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90 day period.  First, a party must formally suggest the death of the party on the record ... Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute ... Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.R.Civ.P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons ....
>
> An important function is fulfilled by

> requiring different methods of service upon parties and nonparties. Rule 5 permits service upon a party by ordinary mail addressed to his or her attorney. Since the notice can be addressed to the attorney, there is no guarantee that the party personally will receive notice. It can generally be presumed, however, that a party's attorney will notify the party of important developments and take appropriate action to protect the party's interests. Non-party successors or representatives of the deceased party, however, may not be protected by the attorney of the deceased party ... Thus, we hold that the 90 day period provided by Rule 25(a)(1) will not be triggered against Barlow's estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4.
>
> ...
>
> Barlow's estate asserts that the 90 day period was not triggered because the estate was never served with the suggestion of death in the manner provided by Rule 4. The City maintains, however, that Weingarten was acting as attorney for the estate, and that service upon him satisfied the requirement that nonparty successors or representatives of the estate be served the suggestion of death. We need not reach the question whether service on the attorney for the nonparty estate satisfies Rule 25(a)(1). Even if Weingarten was acting as attorney for the estate and service upon the executor of the estate was not also required by Rule 25(a)(1), the service made upon Weingarten by mail clearly did not comply with Rule 4.
>
> Because service of the suggestion of death was not made pursuant to Rule 4, as provided for in Rule 25(a)(1), the 90 day period was not triggered. Therefore, the order of the district court dismissing the action is reversed ....

Here, Plaintiffs' electronically served the Statement of Fact of Death on Ms. Machado.  Rule 4(e) provides:

> Unless federal provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

California Code of Civil Procedure § 410.10 provides that a summons may be served by any person who is at least 18 years of age and not a party to the action.  California law provides that a summons may be served by personal delivery of the summons and complaint to the person to be served, California Code of Civil Procedure § 415.10, or by leaving a copy of the summons and complaint during office hours at his or her office, and by thereafter mailing a copy of the summons and complaint to be served at the place where a copy of the summons and complaint was left, California Code of Civil Procedure § 415.20(a), or by leaving a copy at the person's dwelling house or usual place of

1  abode as required by California Code of Civil Procedure § 415.20.
2  A summons and complaint may be served by mail but service must
3  comply with the notice and acknowledgment requirements set forth
4  in California Code of Civil Procedure § 415.30.

5      Plaintiffs make no showing that they complied with the
6  requirements of California law in serving the Statement of Fact
7  of Death on Ms. Machado or that she had consented to electronic
8  service.  The Statement of Fact of Death served on Ms. Machado by
9  Plaintiffs on November 23, 2009 did not trigger the 90-day period
10 within which to file the motion for substitution.

11     Downey Brand, however, did personally serve Ms. Machado with
12 the Statement of Fact of Death on November 25, 2009.  However,
13 *Barlow* states that "the *suggesting party* must serve other parties
14 and nonparty successors or representatives of the deceased with
15 the suggestion of death ...."  Here, the parties suggesting the
16 death of Alvaro Machado on the record were the other Plaintiffs
17 in this action and, pursuant to *Barlow*, they are arguably the
18 only parties who could serve Ms. Machado with the Statement
19 pursuant to Rule 4.

20     Plaintiffs argue that this service did not comply with Rule
21 4 because Downey Brand did not also serve Ms. Machado with a copy
22 of the complaint and a summons.  Plaintiffs cite no authority
23 that service of the Statement of Fact of Death on a non-party
24 pursuant to Rule 4 requires service of the summons and complaint
25 as well.  *Barlow* does not so hold.  *Barlow* holds only that "non-
26 party successors or representatives of the deceased party must be

8

served the *suggestion of death in the manner* provided by Rule 4 for the service of a summons." (Emphasis added).

Plaintiffs assert:

> We are unaware of any authority that requires or even allows service of a Notice of Fact of Death on a non-party. Rather, Rule 25(a)(1) envisions the possible need for service of a *motion to substitute* on a non-party. That would occur when a *defendant* dies, and the plaintiff seeks to bring in a new defendant as the successor. In that instance, since the substitution motion seeks to join a new defendant to the lawsuit, the motion would need to be served together with a summons under Rule 4. As noted, Ms. Machado was never served in this fashion.

*Barlow* puts Plaintiffs' contention to rest. In *Barlow*, the defendant served the notice of suggestion of death of the plaintiff, albeit in violation of Rule 4.

Finally, Plaintiffs argue that Ms. Machado seeks to substitute as a plaintiff in her capacity was the Trustee of The Machado Family Trust and was not served with the Statement of Fact of Death in that capacity. Plaintiffs contend:

> Indeed, on the date she was served, Maria Machado had not yet prepared or recorded the affidavit of successor trustee that is required under California law as the first step in succeeding to the affairs of her deceased husband.

The Statement of Fact of Death filed by Plaintiffs states:

> By service of this notice Mary Machado is advised that a motion to substitute a successor-in-interest in place of Alvaro Machado as a plaintiff in this lawsuit must be filed within 90 days of this notice, or the action will be dismissed as to the claims of Alvaro Machado.

1  There is nothing on the docket of this action indicating that
2  decedent Alvaro Machado was participating in this action as a
3  trustee of The Machado Family Trust prior to his death.
4  Plaintiffs cite no authority that service of a notice of
5  suggestion of death on the person who is actually the decedent's
6  successor-in-interest is defective solely because the notice does
7  not identify that person by a specific title.
8      Nonetheless, because Downey Brand, who was not the party
9  suggesting death on the record, personally served the Statement,
10 *Barlow* implies that this personal service did not trigger the 90-
11 day period.
12     Consequently, the motion for substitution is timely filed.

### CONCLUSION

14 For the reasons stated:
15 1.  The motion for substitution of Maria P. Machado as
16 Plaintiff is GRANTED;
17 2.  Counsel for Plaintiffs shall prepare a form of order
18 consistent with this Memorandum Decision within five (5) court
19 days following service of this Memorandum Decision.
20     IT IS SO ORDERED.
21 Dated:   May 17, 2010                /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE