| | |
|---|---|
| 1 | JAMES R. KIRBY II (SBN 088911)<br>SEGAL & KIRBY LLP |
| 2 | 770 L Street, Suite 1440<br>Sacramento, CA 95814 |
| 3 | Telephone: (916) 441-0828<br>Facsimile: (916) 446-6003 |
| 4 | |
| 5 | Attorneys for Defendant DOWNEY BRAND LLP |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| 11 | MANUEL LOPES and MARIANA LOPES, dba LOPES DAIRY; RAYMOND LOPES; JOSEPH LOPES and MICHAEL LOPES, individually and dba WESTSIDE HOLSTEIN; ALVARO MACHADO and TONY ESTEVAM, | CASE NO. 1:06-CV-01243-OWW-SMS |
| 15 | Plaintiffs, | **MODIFIED ORDER RE DEFENDANT DOWNEY BRAND'S MOTION FOR SUMMARY JUDGMENT AGAINST VALLEY GOLD LLC, PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEFENDANT DOWNEY BRAND'S MOTION FOR A PROTECTIVE ORDER** |
| 16 | vs. | |
| 17 | GEORGE VIEIRA; MARY VIEIRA;CALIFORNIA MILK MARKET, a California Corporation; VALLEY GOLD, LLC, a California Limited Liability Company; GENSKE-MULDER, LLP a California Limited Liability Partnership; ANTHONY CARY; DOWNEY BRAND LLP, a California Limited Liability Partnership; CENTRAL VALLEY DAIRYMEN, INC. a California Food and Agricultural Nonprofit Cooperative Association, and DOES 1 through 25, inclusive, | **Judge Oliver W. Wanger** |
| 24 | Defendants | |
| 25 | _____/ | |

The Court issued a February 1, 2010 Memorandum Decision resolving

three motions arising from attorney-client privilege and work product objections

-1-

asserted by defendant Downey Brand LLP ("Downey Brand"). The Court issued a June 23, 2010 Memorandum Decision granted Downey Brand's motion for reconsideration of a portion of that ruling and modifying its original order.

The combined effect of these rulings is as follows:

(a) On July 10, 2009, Downey Brand filed a motion for summary judgment, seeking judgment on a cause of action for professional negligence asserted against Downey Brand by Plaintiffs suing derivatively on behalf of Downey Brand's former client, Valley Gold, LLC ("Valley Gold"). Downey Brand contended that it could not defend itself against the derivative cause of action without divulging information protected by the attorney-client privilege and, therefore, was entitled to judgment on that claim.

(b) On August 3, 2009, Plaintiffs filed a motion to compel Downey Brand to produce 21 categories of documents Downey Brand had declined to produce after asserting the attorney-client privilege and work product doctrine objections.

(c) On August 7, 2009, Downey Brand filed a motion for a protective order, seeking the return by Plaintiffs of any Downey Brand bills and invoices in Plaintiffs' possession that had been sent by Downey Brand to its client, Valley Gold, and over which Downey Brand asserted the protections of the attorney-client privilege and work product doctrine.

The two discovery motions, to compel production of records and for a protective order, were initially assigned to Magistrate Judge Snyder, who on September 16, 2009 held a telephonic conference with counsel for the parties. Telephonically participating at the conference were Douglas Applegate on behalf of Plaintiffs, James Kirby on behalf of Downey Brand, and Vincent O'Gara on behalf of Genske Mulder LLP ("Genske Mulder").

Magistrate Judge Snyder held a further hearing on the two motions on October 9, 2009. James Kirby appeared and argued on behalf of Downey Brand.

1  Douglas A. Applegate appeared telephonically on behalf of Plaintiffs; and Vincent

2  O'Gara appeared telephonically on behalf of Genske Mulder.

3        After further briefing on the issues, the parties on December 21, 2009

4  appeared in Courtroom Three of the District Court for an extended hearing on

5  pending motions for summary judgment and summary adjudication, before the

6  Honorable Oliver W. Wanger, presiding.  Douglas A. Applegate appeared on

7  behalf of Plaintiffs; James Kirby appeared on behalf of Downey Brand; and

8  Vincent O'Gara appeared on behalf of Genske Mulder.  By order issued on

9  December 23, 2009, the discovery motions were reassigned from Judge Snyder

10 for decision by Judge Wanger.

11       On February 1, 2010, the Court issued a Memorandum Decision addressing

12 the issues and arguments raised by the three motions, and announcing its ruling

13 on all three motions.  On June 23, 2010, the Court issued a Memorandum

14 Decision granting Downey Brand's motion for reconsideration of a portion of that

15 ruling.

16       Therefore, having considered the arguments of counsel and the evidence

17 both in favor of and against all motions, with good cause appearing and for those

18 reasons set forth more particularly in the Court's February 1, 2010 Memorandum

19 of Decision and the June 23, 2010, Memorandum of Decision, IT IS HEREBY

20 ORDERED THAT:

21       1. Downey Brand's Motion for Summary Judgment against Valley Gold filed

22 on July 10, 2009 is DENIED.

23       2.  Downey Brand's Motion for Protective Order filed August 7, 2009 is

24 DENIED.

25       3.  Plaintiffs' motion to compel filed August 3, 2009 is GRANTED in part and

26 DENIED in part as follows:

27       (a) the portion of Plaintiffs' motion to compel production of billing records

28

1  and invoices related to Central Valley Dairymen, Inc., category 1 of the 21
2  categories of documents sought by Plaintiffs, is DENIED;
3      (b) the portion of Plaintiffs' motion seeking to compel production of
4  documents concerning a cheese distributorship for Valley Gold, sought in
5  categories 13 through 17 of Plaintiffs' request, is DENIED;
6      (c) the portion of Plaintiffs' motion seeking to compel production of
7  documents responsive to category 1 (as it pertains to Valley Gold) and categories
8  2 through 12 of Plaintiffs' request for documents is GRANTED, the Court finding
9  that because of the cessation of the business of Valley Gold, LLC, the lack of
10 anyone to act on its behalf and for the other reasons set forth in the Memorandum
11 of Decision, the protection of the attorney-client privilege does not now apply to
12 any communications between Downey Brand and Valley Gold, LLC;
13     (d) Downey Brand's request for reconsideration of the Court's February 1,
14 2010 Memorandum Decision is GRANTED and Plaintiffs' request to compel
15 production of documents responsive to categories 18 to 21 of Plaintiffs' request is
16 DENIED the Court finding that the requested documents are within the work
17 product doctrine and are not relevant to any claim Plaintiffs make against Downey
18 Brand for the reasons set forth in the June 23, 2010 Memorandum Decision;
19     (e) the Clerk of Court is directed to file and docket Downey Brand's Second
20 Corrected Privilege Log;
21     (f) Downey Brand shall retain the two binders and their entire contents,
22 captioned Privileged Documents for In Camera Review provided to the Court on
23 December 29, 2009, until the final resolution of this case, including any appellate
24 review.
25     Downey Brand is ordered to personally serve a copy of this order on Joe
26 Machado, the president of Valley Gold and file a proof of service with the Court.
27     The Court hereby stays the effective date of this order for fourteen days to
28

1  permit Valley Gold to seek further review of this order.  Unless stayed by further
2  order of this Court or the Ninth Circuit Court of Appeals, this order will become
3  final fourteen days from the date it is filed.
4      Once the order becomes final, within seven days or as otherwise agreed
5  between the parties, Downey Brand will produce documents responsive to
6  Plaintiffs' Request for Production of Documents as provided in this order.

8      IT IS SO ORDERED.

9  Dated: July 6, 2010                                /s/ OLIVER W. WANGER
10                                                                       United States District Judge