1   Arthur V. Pearson - 58860
    Vincent O'Gara - 62304
2   MURPHY, PEARSON, BRADLEY & FEENEY
    88 Kearny Street, 10th Floor
3   San Francisco, CA  94108-5530
    Tel:    (415) 788-1900
4   Fax:    (415) 393-8087

5   Attorneys for Defendant
    GENSKE, MULDER & COMPANY

6

7                   UNITED STATES DISTRICT COURT

8                  EASTERN DISTRICT OF CALIFORNIA

9                          FRESNO DIVISION

10
    MANUEL LOPES  and MARIANA LOPES, dba          Case No.: 1:06-CV-01243-OWW-SM
11  LOPES DAIRY; RAYMOND LOPES; JOSEPH
    LOPES and MICHAEL LOPES, individually and     **ORDER GRANTING MOTION FOR**
12  dba WESTSIDE HOLSTEIN; MARIA                   **SUMMARY FOR SUMMARY JUDGMENT**
    MACHADO as trustee of the MACHADO             **BY DEFENDANT GENSKE MULDER, LLP**
13  FAMILY TRUST; and TONY ESTEVAM,               **AGAINST PLAINTIFF MARIA**
                                                  **MACHADO AS TRUSTEE OF THE**
14          Plaintiff,                            **MACHADO FAMILY TRUST**

15  v.

16  GEORGE VIEIRA; MARY VIEIRA;                   Judge:          Hon. Oliver W. Wanger
    CALIFORNIA MILK MARKET, a California
17  Corporation; VALLEY GOLD, LLC, a California   Location:   U.S. District Court
    Limited Liability Company; GENSKE-MULDER                  2500 Tulare Street
18  LLP, a California Limited Liability Partnership;          Fresno, California 93721
    ANTHONY CARY; DOWNEY BRAND LLP, a
19  California Limited Liability Partnership;      Complaint Filed:        September 11, 2006
    CENTRAL VALLEY DAIRYMEN, INC. a               2ndAmed.Compt Filed:    April 2, 2008
20  California Food and Agricultural Nonprofit     Trial Date:             TBA
    Cooperative Association, and DOES 1 through 25,
21  inclusive,

22          Defendants.

23

24

25          Defendant Genske Mulder LLP  ("Genske Mulder") has moved for summary judgment on all

26  causes of action asserted by Plaintiff Maria Machado as trustee for the Machado Family Trust (the

    "Trustee").
27
            The Trustee asserts claims against Genske Mulder on behalf of Alvaro Machado, deceased
28

(Machado), for alleged violations of 15 U.S.C. § 78j(b) and Securities and Exchange Commission Rule 10b-5 (4th Cause of Action) and California Corporations Code Section 54000(d) (5th Cause of Action) as well as claims for negligence (6th Cause of Action), intentional misrepresentation (7th Cause of Action) and negligent misrepresentation (8th Cause of Action).  Second Amended Complaint at ¶108-¶174.

Genske Mulder's motion is granted on all causes of action for the following reasons:

The Court finds it is undisputed that Machado did not purchase a security.  Genske Mulder's Undisputed Fact (GMUDF) 1.  Because Machado did not purchase a security, the Trustee cannot establish her federal or state securities fraud claims.  *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 735-736 (1975); *Kamen v. Lindly*, 94 Cal.App.4th 197, 206 (2001).

As to the Trustee's other claims, the Court finds she has failed to create triable issues and the following facts are undisputed:  Machado was never a client of Genske Mulder (Memorandum Decision at 10:14-15); Machado did not read the Valley Gold Offering Memorandum, GMUDF 2; and he never received any representations from Genske Mulder GMUDF 10;

The Trustee submits no evidence that Genske Mulder intended, or had reason to expect, that any misrepresentation concerning Valley Gold would be repeated and acted upon by a person who did not invest in Valley Gold.  Nor does she present evidence that Machado's friends upon whom he may have relied were acting as his agents.  Assuming the Trustee has placed in issue an "indirect representation" cause of action, she submits no evidence to establish the necessary elements of such a claim.  *See Lovejoy v. AT&T Corp.*, 92 Cal.App.4th 85, 94 (2001).

Genske Mulder did not have an accountant-client relationship with Machado giving rise to a duty to disclose facts, nor did he obtain professional services from Genske Mulder. (Memorandum Decision at 20:18-22).  See, generally *Fox v. Pollack*, 181 Cal.App.3d 954, 960-61(1986).  Genske Mulder's representation of Valley Gold, an entity, did not create an accountant-client relationship between Genske Mulder and Machado giving rise to a duty to disclose.  *See, e.g., La Jolla Cove Motel and Hotel Apartments, Inc. v. Superior Court*, 121 Cal.App.4th 773, 784 (2004).

//

//

1    Therefore, for the reasons set forth in more particular in the Court's September 27, 2010

2    Memorandum of Decision IT IS HEREBY ORDERED THAT:

3    Genske Mulder's motion for summary judgment against Plaintiff Maria Machado as trustee for

4    the Machado Family Trust on the Second Amended Complaint is GRANTED

5
6    IT IS SO ORDERED.

7    Dated:   __November 12, 2010__          _____/s/ Oliver W. Wanger__
                                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion For Summary For Summary Judgment By Defendant Genske Mulder, Llp Against Plaintiff Maria
Machado As Trustee Of The Machado Family Trust