```
                        UNITED STATES DISTRICT COURT

                       EASTERN DISTRICT OF CALIFORNIA


MANUEL LOPES and MARIANA LOPES,    )   1:06-cv-1243 OWW SMS
dba LOPES DAIRY; JOSEPH LOPES,     )
Trustee of the RAYMOND LOPES       )   ORDER ON MEMORANDUM
FAMILY TRUST as successor-in-      )   DECISION AND ORDER GRANTING
interest to RAYMOND LOPES;         )   PLAINTIFFS' MOTION FOR
JOSEPH LOPES and MICHAEL LOPES,    )   LEAVE TO MODIFY SCHEDULING
individually and dba WESTSIDE      )   ORDER AND TO FILE THIRD
HOLSTEIN; MARIA MACHADO, Trustee   )   AMENDED COMPLAINT
of the Machado Family Trust and    )
as the successor-in-interest to    )
ALVARO MACHADO and TONY ESTEVAM,   )
                                   )
            Plaintiffs,            )
                                   )
     v.                            )
                                   )
GEORGE VIEIRA; MARY VIEIRA;        )
CALIFORNIA MILK MARKET, a          )
California Corporation; VALLEY     )
GOLD, LLC, a California Limited    )
Liability Company; GENSKE-MULDER   )
LLP, a California Limited          )
Liability Partnership; ANTHONY     )
CARY; DOWNEY BRAND LLP, a          )
California Limited Liability       )
Partnership; CENTRAL VALLEY        )
DAIRYMEN, INC., a California       )
Food and Agricultural Nonprofit    )
Cooperative Association,           )
                                   )
            Defendants.            )
                                   )
_____)
```

To implement the Court's Memorandum Decision and Order Granting Plaintiffs' Motion for Leave to Modify Scheduling Order

1

and to file Third Amended Complaint (Docket # 329), the undersigned parties hereby stipulate and agree that the Third Amended Complaint (the "Third Amended Complaint" (Docket # 330)) is modified as follows and that the issues alleged in the 3rd Amended Complaint are modified as follows:

1. All "Doe" defendants have been dismissed without prejudice (First Amended Scheduling Order, Docket # 86) and are not parties to this litigation.

2. All allegations by Alvaro Machado, Maria Machado, Trustee of the Machado Family Trust and as the successor-in-interest to Alvaro Machado, and Tony Estevam against Genske Mulder & Co. LLP ("Genske Mulder") and Downey Brand LLP ("Downey Brand") have been adjudicated against these Plaintiffs by this Court's Memoranda of Decisions (Docket ##297 & 298) and by Court Orders regarding Downey Brand (Docket ##311 & 312) and these individuals are no longer parties to the lawsuit.

3. All allegations by Plaintiffs asserted derivatively on behalf of Central Valley Dairymen ("CVD") have been dismissed. *See Lopes v. Vieira*, 543 F.Supp.2d 1149, 1199 (E.D. Cal. 2008).

4. Because all Doe Defendants have been dismissed from this litigation, the term "Promoters" as defined in the 3rd Amended Complaint (Docket # 330 ¶57) means "George Vieira."

5. For the purposes of the summary judgment motions, the Court has made a factual finding that "George Vieira's attorney [representing him in the Suprema Specialties criminal investigation] had a confidential relationship [with George Vieira] and there is no evidence that either communicated the particulars of the plea deal to Genske Mulder or Downey Brand

before April 23, 2003." The Court has found that "There is nothing in Exhibits N, O, or P from which it could reasonably be inferred that Mr. Vieira was actively negotiating a plea deal," (Docket #301 at 26 & 30), the claim that Genske Mulder and Downey Brand should have disclosed, before April 23, 2003, that George Vieira was in plea negotiations in the Supreme Specialties investigation has been decided that they could not.

6.  For the purposes of the summary judgment motions the Court made a factual finding that "Plaintiffs did not review the Financial Statement Forecasts (Exhibit B to Plaintiffs' Response to Genske Mulder's and Downey Brand's Motions for Summary Judgment Docket ## 113, 128, 245 & 246) before April 23, 2003") and has found that Plaintiffs "could not have relied on it [Exhibit B] in making their investment decision [to purchase Valley Gold securities]" (Docket # 301 at 34).

7.  The Court has granted summary judgment in favor of Genske Mulder and Downey Brand on Plaintiffs' Fifth Cause of Action in the Second Amended Complaint (for California Securities Fraud) (Docket # 301 at 49) and Fifth Cause of Action in the 3rd Amended Complaint is for the same claim.

8.  Summary judgment has been granted in favor of Genske Mulder and Downey Brand on Plaintiffs' Fourth and Fifth Causes of Action in the 2nd Amended Complaint for consequential damages for failure to be paid for milk shipped to CVD (as sellers) (Docket # 301 at 53) for lack of standing.  Any claims for unpaid milk by these Plaintiffs against Genske Mulder or Downey Brand under the securities laws have been resolved against Plaintiffs.

9.  Because the California Court of Appeal (5th Appellate

3

1  District) in *Nunes v. CVD, et al*. (F056381, F056917 & F056943)
2  has ruled that a claim for fraud in connection with the sale of
3  milk by CVD and for recovery of the purchase price of the sale of
4  milk by CVD in the absence of fraud, are causes of action which
5  must be pursued by CVD, not the individual members, the
6  Plaintiff's claims for damages for non-payment for milk sold to
7  CVD which was ultimately sold to Valley Gold are no longer issues
8  in this litigation.

9      10.  Downey Brand did not draft documents or prepare
10 contracts in which Plaintiffs agreed to forego payment for their
11 milk in return for a larger equity interest in Valley Gold ("milk
12 for equity contracts") or play any other role in suggesting that
13 Plaintiffs agree to the milk for equity contracts or otherwise
14 forego milk payments – the allegation Downey Brand played some
15 role in the milk for equity contracts or in suggesting Plaintiffs
16 forego milk payments has been decided.  (Docket #301 at 11-12).

17     11.  Anthony Cary is not a defendant in the case pursuant to
18 the Court's Order of Dismissal without Prejudice, filed October
19 10, 2007 (Docket #63).

20     12.  There is nothing in the Offering Memorandum stating
21 that a contract with the cheese distributor was "anticipated" and
22 the Offering Memorandum expressly states that, in the absence of
23 the distributor contract, the investment will fail, and the
24 disclaimers negate any inference of fraud with respect to the
25 representations concerning the distributor contract buyer of
26 cheese.  *See Lopes*, 543 F.Supp.2d at 1189.

27     13.  The Court previously found that the statutory provision
28 (California Food & Ag Code § 62580(h)) coupled with case law

4

negate any inference of fraud with respect to the failure to disclose ineligibility for the milk producer's trust fund (*see Lopes*, 543 F.Supp.2d at 1191).

    14.  Downey Brand did not represent CVD in the Valley Gold matter and has never represented CVD (Docket #301 at 8).

This stipulation does not supersede any rulings by the Court.

IT IS SO ORDERED.

Dated:   December 20, 2010              /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE