UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LOPES and MARIANA LOPES, dba LOPES DAIRY; JOSEPH LOPES, Trustee of the RAYMOND LOPES FAMILY TRUST as successor-in-interest to RAYMOND LOPES; JOSEPH LOPES and MICHAEL LOPES, individually and dba WESTSIDE HOLSTEIN; MARIA MACHADO, Trustee of the Machado Family Trust and as the successor-in-interest to ALVARADO MACHADO and TONY ESTEVAM, <br><br>    Plaintiffs,<br><br>v.<br><br>GEORGE VIERIA; MARY VIERIA; CALIFORNIA MILK MARKET, a California Corporation; VALLEY GOLD LLC, a California Limited Liability Company; GENSKE-MULDER LLP, a California Limited Liability Partnership; ANTHONY CARY; DOWNEY BRAND LLP, a California Limited Liability Partnership; CENTRAL VALLEY DAIRYMEN, INC., a California Food and Agricultural Nonprofit Cooperative Association, and DOES 1 through 25, inclusive,<br><br>    Defendants. | 1:06-cv-01243 OWW SMS<br><br>MEMORANDUM DECISION RE GENSKE, MULDER & COMPANY'S MOTION FOR RECONSIDERATION OF MOTION FOR SUMMARY JUDGMENT AGAINST VALLEY GOLD<br><br>(DOCS. 390) |

## I. INTRODUCTION

Genske Mulder and Company ("Genske Mulder"), a certified public accounting firm, moves for reconsideration of the May 17, 2011 memorandum decision denying Genske Mulder's motion for

1

summary judgment against Valley Gold LLC ("Valley Gold") (Doc. 377) ("Memorandum Decision"). Doc. 390. Plaintiffs oppose the motion. Doc. 397.

## II.   FACTUAL BACKGROUND

This lawsuit concerns alleged misrepresentations in the financial projections and Offering Memorandum for Valley Gold, which Plaintiffs allege induced them, individually and through Central Valley Dairymen, to invest more than $530,000 in the formation of Valley Gold and to supply millions of dollars worth of milk to Valley Gold, for which they were never paid.

Plaintiffs' Third Amended Complaint ("TAC"), filed November 1, 2010, asserts the following Causes of Action against Downey Brand and Genske Mulder: (1) Fourth Cause of Action for securities fraud: Securities Exchange Act of 1934; (2) Fifth Cause of Action for violation of California securities law; (3) Sixth Cause of Action for negligence; (4) Seventh Cause of Action for intentional misrepresentation; and (5) Eighth Cause of Action for negligent misrepresentation. Doc. 329. Plaintiffs also assert the Sixth Cause of Action for negligence derivatively on behalf of Valley Gold.

Downey Brand and Genske Mulder filed motions for summary judgment against Plaintiffs in late 2009, which were heard on December 21, 2009. Summary judgment was granted against Plaintiff Antonio Estevam (Doc. 297) and Plaintiff Maria Machado as trustee

of the Machado Family Trust (Doc. 298). By memorandum decision and order dated September 30, 2010, summary judgment was granted in part, denied in part, and deferred in part against Joseph Lopes as trustee for the Estate of Raymond Lopes. Doc. 301. The memorandum decision granted Downey Brand's and Genske Mulder's motions for summary judgment on (1) the Fifth Cause of Action against Joseph Lopes as trustee for the Estate of Raymond Lopes and (2) claims for consequential damages under the Fourth and Fifth Cause of Actions for failure to receive payment for milk shipped to Central Valley Dairymen, Inc. ("CVD"). Doc. 301, 48, 53.

Plaintiffs were permitted to, but did not, file supplemental oppositions to the summary judgment motions before January 25, 2011 (Doc. 329, 36). Downey Brand filed a combined supplemental reply on February 15, 2011 (Doc. 344), and Genske Mulder filed a combined supplemental reply on February 14, 2011 (Doc. 343). Plaintiffs were permitted to file supplemental oppositions on or before March 15, 2011 (Doc. 352), and did so (Docs. 363, 364). Downey Brand and Genske Mulder filed second supplemental replies March 25, 2011 (Docs. 366, 367). The motions were heard April 1 and 6, 2011.

The Memorandum Decision issued May 17, 2011: (1) denied Plaintiffs' request for clarification of the court's earlier rulings; (2) rejected Plaintiffs' offer of proof; (3) granted

3

Downey Brand's motions for summary judgment as to the individual Plaintiffs' claims regarding Valley Gold's business plan and the Sixth Cause of Action, and denied the motions as to the Fourth, Seventh, and Eighth Causes of Action; (4) granted Downey Brand's motion for summary judgment as to the derivative claim asserted on behalf of Valley Gold; (5) granted Genske Mulder's motions for summary judgment as to the individual Plaintiffs on the Sixth Cause of Action, any misrepresentation claims regarding the Offering Memorandum and business plan, and allegations that Genske Mulder should have discovered George Vieira's wrongdoings, should have advised Plaintiffs as to the Milk Fund, should have advised Plaintiffs as to the viability and reputation of the New Jersey distributor, and should have disclosed to Plaintiffs that Valley Gold was selling its cheese at a discount, and denied as to the other Fourth Cause of Action allegations, Seventh Cause of Action, and Eighth Cause of Action; and (6) granted Genske Mulder's motions for summary judgment as to any Valley Gold claims based on allegations that Genske Mulder should have discovered Mr. Vieira's wrongdoings, should have advised Valley Gold as to the Milk Fund, should have advised Valley Gold as to the visibility and reputation of the New Jersey distributor, and should have disclosed to Valley Gold that Valley Gold was selling its cheese at a discount, and denied as to the other Valley Gold Sixth Cause of Action (derivative claim) allegations. Doc. 377.

On June 6, 2011, Downey Brand and Genske Mulder filed Motions for Reconsideration of the Memorandum Decision. Docs. 390, 391. Plaintiffs filed oppositions (Docs. 397, 398), to which replies were waived. The motions were heard June 27, 2011.

On July 13, 2011, the parties participated in a settlement conference before Magistrate Judge Dennis Beck. Plaintiffs reached a settlement with Defendants Mary Vieira, Genske-Mulder, and Downey Brand. It was initially believed that the settlement mooted the pending Motions for Reconsideration. Plaintiffs now assert that the procedural steps in implementing the settlement depend on whether Genske Mulder's Motion for Reconsideration as to Valley Gold is granted or denied. Plaintiffs request an order on this limited issue. Doc. 417.

### III. LEGAL STANDARD

A motion for reconsideration filed within 28 days of a judgment is treated as a Rule 59(e) motion. Fed. R. Civ. P. 59(e); *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (applying Rule 59(e)'s 10-day deadline, before its 2009 expansion to 28 days). Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A motion for reconsideration under Rule 59(e) is properly granted where the district court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

manifestly unjust, or (3) if there was an intervening change in controlling law." *Id.*; *School Dist. No. 1J v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A reconsideration motion is properly denied where it merely presents arguments previously raised in the prior motion or opposition. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Genske Mulder's motion for reconsideration was filed within 28 days of the Memorandum Decision. Contrary to Plaintiffs' contention, Rule 59(e), not Rule 60(b)[1], provides the applicable standard.

Local Rule 230(j) of the United States District Court, Eastern District of California provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>     (1) when and to what Judge or Magistrate Judge the prior motion was made;
>     (2) what ruling, decision, or order was made thereon;
>     (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and

---

[1] An untimely motion for reconsideration is treated as a motion for relief from judgment under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Amer. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). A moving party is entitled to relief from judgment under Rule 60(b) where there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed. R. Civ. P. 60(b); *Backlund*, 778 F.2d at 1388. Relief under exception (6) requires a finding of "extraordinary circumstances." *Id.* (quoting *McConnell v. MEBA Med. & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir. 1985).

> (4) why the facts or circumstances were not shown at the time of the prior motion.

## IV.  DISCUSSION

The Memorandum Decision (1) granted Genske Mulder's motion for summary judgment as to Valley Gold's derivative claims based on the allegations that Genske Mulder should have discovered Mr. Vieira's wrongdoings, should have advised Valley Gold as to the Milk Fund success, should have advised Valley Gold as to the viability and reputation of the New Jersey distributor, and should have disclosed that Valley Gold was selling its cheese at a discount; and (2) denied Genske Mulder's motion for summary judgment as to the other allegations asserted in Valley Gold's derivative claim for negligence. Genske Mulder moves for reconsideration of the partial denial of its motion for summary judgment on Valley Gold's derivative claim.

Genske Mulder asserts that the Valley Gold financial forecasts were dated May 15, 2003. Genske Mulder contends that by September 2003, Valley Gold knew that it was not performing as its financial forecasts predicted and was then on notice of its potential claims against Genske Mulder. Genske Mulder further contends that because Valley Gold's Management Committee knew: (1) that George Vieira was the subject of criminal investigations before April 2003; (2) that Valley Gold could not pay for milk in September 2003; and (3) that Mr. Vieira pleaded guilty to a felony in January 2004, Valley Gold was on notice of its

7

potential claim against Genske Mulder for negligent preparation of the financial forecasts. The Memorandum Decision explained that the allegations as to Mr. Vieira supported discovery of the allegations against Downey Brand, not that Genske Mulder had negligently prepared the financial forecasts. The Memorandum Decision examined all the evidence and drew all inferences in Valley Gold's favor, and concluded that it could not be determined as a matter of law that Valley Gold's derivative claim against Genske Mulder is time barred.

Genske Mulder's Motion for Reconsideration reiterates its previous arguments. Genske Mulder does not present newly discovered evidence, show that the Memorandum Decision is clearly erroneous or manifestly unjust, or point to any intervening change in controlling law. *Herron*, 634 F.3d at 1111. A motion for reconsideration is but a "second bite at the apple." As Genske Mulder's motion simply repeats arguments raised in its previous motion, it is DENIED. *See Backlund*, 778 F.2d at 1388.

V. <u>CONCLUSION</u>

For the reasons stated:

1. Genske Mulder's motion for reconsideration of its motion for summary judgment of Valley Gold's derivative claim is DENIED.

2. Plaintiffs shall submit a proposed form of order regarding Genske Mulder's motion for reconsideration of

8

its motion for summary judgment of Valley Gold's derivative claim consistent with this memorandum decision within five (5) days following electronic service of this memorandum decision.

SO ORDERED.

DATED: August 12, 2011

                                            /s/ Oliver W. Wanger
                                            Oliver W. Wanger
                                        United States District Judge