Douglas A. Applegate (SBN 142000)
Mark W. Epstein (143202)
**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
101 Montgomery Street, 27th Floor
San Francisco, California 94104
Phone: (415) 979-0500
Fax:     (415) 979-0511

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MANUEL LOPES and MARIANA LOPES, dba LOPES DAIRY; RAYMOND LOPES; JOSEPH LOPES and MICHAEL LOPES, individually and dba WESTSIDE HOLSTEIN; ALVARO MACHADO and TONY ESTEVAN<br><br>Plaintiffs<br>vs.<br><br>GEORGE VIEIRA; MARY VIEIRA; CALIFORNIA MILK MARKET, a California Corporation; VALLEY GOLD, LLC, a California Limited Liability Company; GENSKE, MULDER & COMPANY, a California Limited Liability Partnership; ANTHONY CARY; DOWNEY BRAND LLP, a California Limited Liability Partnership; CENTRAL VALLEY DAIRYMEN, INC., a California Food and Agricultural Nonprofit Cooperative Association; and DOES 1 through 25, inclusive,<br><br>Defendants | Case No.: 1:06-CV-01243-SMS<br><br>PROTECTIVE ORDER TO PRESERVE CONFIDENTIALITY OF SETTLEMENT |

The parties engaged in a settlement conference before the Court on July 13, 2011, at which time the Plaintiffs agreed to settle their claims against, among others, Genske Mulder & Company LLP ("Genske"). A material part of the settlement agreement reached on July 13, 2011 was that its terms would remain confidential. However, Rule 23.1 subdivision c

- 1 –

of the Federal Rules of Civil Procedure requires that whenever a subset of the members of a limited liability company choose to voluntarily dismiss any derivative cause of action that they have previously filed on behalf of the limited liability company, then notice must be provided to the remaining members in the manner that the court determines is most appropriate.  Pursuant to the provisions of Rule 23.1, the court has previously approved a form of notice to be served on all former members of Valley Gold, LLC.

Any former member of Valley Gold, LLC who contacts Plaintiffs' counsel within twenty days of being served with the approved form of notice may thus learn the terms of the settlement between Plaintiffs and Genske, pursuant to the following provisions:

1. Any former member of Valley Gold, LLC who desires to learn the terms of the settlement between Plaintiffs and Genske must sign on the place indicated below designating that member's stipulated agreement to be bound by the terms of this protective order.  By so signing, the former member submits to the jurisdiction of this Court, including the Court's jurisdiction to impose civil and criminal sanctions to enforce this order and/or to implement proceedings for contempt of court if the provisions of this order are not obeyed.

2. Upon the request of any former member of Valley Gold, LLC to learn the terms of the settlement between Plaintiffs and Genske, Plaintiffs' counsel of record shall promptly provide to that member a file endorsed copy of this protective order.  If that former member thereafter signs on the place designated below their stipulation agreeing to be bound by the terms of this protective order and returns their signed stipulation to Plaintiffs' counsel within twenty days of the service of the approved form of notice of the settlement, then Plaintiffs' counsel shall:  (a) file the signed stipulation with the Court through the Court's Electronic Court Filing ("ECF") protocol; (b) thereafter promptly provide to that former member of Valley Gold, LLC a concise summary of the settlement terms, providing the amount of monetary compensation that Genske has agreed to pay, followed by the statement that in exchange for that payment, Plaintiffs have agreed to dismiss all claims and causes of action that they have asserted against Genske in this lawsuit.  It is the intent of this protective order that only the

settlement terms reached between Plaintiffs and Genske be disclosed to any former member of Valley Gold, LLC. Any settlement sums paid by any other party shall remain confidential.

3. Any former member of Valley Gold, LLC who signs on the place designated below their stipulation agreeing to be bound by the terms of this protective order is hereby ORDERED, DIRECTED and DECREED to maintain in the strictest confidence all information concerning the terms of the settlement between Plaintiffs and Genske, and such former members of Valley Gold, LLC may not and are hereby ENJOINED and PROHIBITED from disclosing those terms to any other person or entity. Should any such former member of Valley Gold, LLC seek to substitute into the case or file objections to the settlement pursuant to the terms of Rule 23.1 of the Federal Rules of Civil Procedure, then that member is ORDERED, DIRECTED and DECREED to ensure that any pleading directed to the Court that discloses the terms of the settlement between Genske and Plaintiffs be redacted to preclude any public disclosure of the settlement terms, and the unredacted version be filed under seal, pursuant to the published rules of this Court.

4. The Court retains continuing jurisdiction to enforce the terms of this protective order, which jurisdiction will continue after any dismissal of the lawsuit by the parties thereto.

IT IS SO ORDERED.

Dated: **October 19, 2011**         **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE